# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE, AT KNOXVILLE

UNITED STATES OF AMERICA

V.   NO. 3:13-CR-11
     JUDGE VARLAN

PATRICIA SPEER

## SENTENCING MEMORANDUM

The defendant, Patricia Speer, asks the Court to consider the following facts, personal characteristics, and history in relation to the imposition of sentence in her case. The presentence report correctly calculates her advisory guideline range as six to twelve months in Zone B of the Sentencing Table. (PSR ¶ 44). She respectfully requests that the court impose a sentence of probation in her case.

### Facts of the Case

Ms. Speer is charged with the theft of government money from the Department of Veterans Affairs. The theft occurred between December 2009 and January, 2012, and was the result of her continued use of her father's Veterans Administration disability checks after his death. (PSR ¶¶ 7 - 9). When interviewed by agents in February of 2012, she admitted the theft and stated that she used the money for living expenses for herself and her family because she had no other source of income. (PSR ¶ 8).

# History and Characteristics of the Defendant

Ms. Speer is a 61 year old woman who currently lives with her daughter and grandchildren in Sevierville, Tennessee. She was born and raised in New Orleans, Louisiana. Both of her parents and her only sibling, a brother, are deceased. She was married for over 20 years, but divorced in the 1990s after nursing her husband through years of acute alcoholism. She has one daughter, Amy, who now provides support for Ms. Speer.

In 1985, Ms Speer returned to school at the Jefferson Parish Vocational Technical School and trained as a licensed practical nurse, specializing in geriatric care giving. Thereafter, she worked at the Chateau de Notre Dame nursing home in Metairie for the next 19 years. [PSR ¶¶ 38 - 39].

In August of 2005, the lives of Ms. Speer and her family were changed forever when Hurricane Katrina hit New Orleans. As the monster storm approached, they loaded what little they could into their car and drove to Ringold, Georgia to stay with a family member. There was simply nothing left of their home or belongings when they returned.[1] Her parents, who were already advanced in years, decided to relocate to

---

[1] Wikipedia, http://en.wikipedia.org/wiki/Metairie,_Louisiana#Hurricane_Katrina, has the following description of the damage faced by Ms. Speer and her family upon their return to Louisiana:

On August 29, 2005, Metairie was hit hard by the devastating effects of Hurricane Katrina, including widespread wind damage and flooding. There were 29 reported deaths related to Katrina in Metairie. According to satellite images and flood maps, upwards of 75% of Metairie was flooded. Initial insured damages in Metairie are between 3 and 5 billion US dollars. The death toll and damage were less in Metairie than in bordering Orleans Parish, largely because the Metairie side of the 17th Street Canal did not breach, and most residents had already evacuated.

Residents were given a mandatory evacuation on August 28, 2005, the first time one has ever been ordered. Residents were not allowed to return until September 4, and then residents were allowed to the area only to visit their homes or business between 7AM and 6PM. Residents were not allowed to return for longer until September 15, 2005. This period of over two weeks in exile angered many residents, especially those whose homes flooded. As the owners were unable to empty the houses of water, the structures suffered more damage.

Gatlinburg, a town they had visited in the past, and start over by opening a sandwich shop.  Although it was a struggle, the family worked together and, with the assistance of her father's VA benefits and Social Security benefits, tried to make a new life in Tennessee.

Over the next few years, the sandwich shop struggled and failed to provide much income for the family.  Ms. Speer's parents were already advanced in years, and the day to day duties at the shop soon fell to Ms. Speer, her daughter and her son-in-law.  Her parents' growing health issues soon took so much of Ms. Speer's time, however, that she could neither help at the shop, nor find work elsewhere.  She had to become the payee for her father's benefits and worked to make the funds cover everyone's daily needs.  Her own health problems were getting worse, as well, and daughter Amy contracted a serious MRSA infection, resulting in more bills and even less help with the shop.  Then, on December 9, 2009, Ms. Speer's mother had a stroke and died;  just 9 days later, her father died suddenly and unexpectedly as well.

Ms. Speer reports that the money she continued to receive from her father's VA benefits were used to pay only basic expenses like food and rent.  She recounts that several times she tore up checks rather than cash them, and on one occasion she reported that her father had inherited a lot of money, in hopes that the checks would be discontinued.  She felt guilty about using the funds, but was paralyzed by the fear that she and her daughter and grandchildren simply could not survive without them.

After meeting with the agents, Ms. Speer was provided a target letter.  She applied for counsel, agreed to be charged by information, appeared for her initial appearance and plea, and was released on conditions.  She has complied with all the

requirements of pretrial release for the past three months. [PSR ¶ 5].

As noted in the presentence report, Ms. Speer has no history of substance abuse. She has never been arrested. She has a very long list of significant medical conditions. She suffers from depression and anxiety for which she receives medication and counseling. (PSR ¶¶ 34 - 36). She fully accepts responsibility for her actions and is extremely remorseful.

Ms. Speer and her daughter have relinquished all claim to the sandwich shop and are no longer trying to sustain it as a viable enterprise. She has applied for Social Security disability benefits due to her own health problems, and will comply with any and all terms of supervision ordered by the Court.

Ms. Speer respectfully requests that the Court impose a reasonable sentence of probation in this case. A sentence of probation is recognized by the Sentencing Guidelines as a reasonable sentence in cases of this nature if it includes certain conditions. (PSR ¶ 44, USSG §5B1.1). A sentence of probation would provide proper punishment, protect society and serve as a deterrent to both Ms. Speer and society as a whole.

Respectfully submitted this 21st day of May, 2013.

                            FEDERAL DEFENDER SERVICES
                               OF EASTERN TENNESSEE, INC.

                    By:      s/ *Paula R. Voss*
                           Paula R. Voss BPR No. 7148
                           Asst. Federal Community Defender
                           800 S. Gay Street, Suite 2400
                           Knoxville, TN  37929
                           (865) 637-7979

                           COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2013, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.



                                          s/ *Paula R. Voss*